UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT PAUL TAYLOR                                          CIVIL ACTION
a/k/a RICHARD E. ITALIANO

VERSUS                                                      NUMBER: 14-2657

MICHAEL A. STALBERT, ET AL.                                 SECTION: "S"(5)


**REPORT AND RECOMMENDATION**

The above-captioned "complaint," which was construed as an action brought pursuant to 42 U.S.C. §1983, was initially tendered for filing in the United States District Court for the Western District of Louisiana. (Rec. doc. 1). On November 17, 2014, that Court transferred the matter to this District pursuant to 28 U.S.C. §1406 as Plaintiff's allegations respecting the use of force against him on August 25, 2013 arose here. (Rec. doc. 3). Ostensibly named as defendants in the complaint were Sergeant Michael A. Stalbert, Officer Leslie D. Gluzman, Officer Patrice Swan, the New Orleans Police Department ("NOPD"), and other unidentified individuals. (*Id.*). Plaintiff has been granted leave to file this lawsuit *in forma pauperis* pursuant to 28 U.S.C. §1915. (Rec. doc. 9).

In *Taylor v. New Orleans Police Department, et al.*, No. 14-CV-1972 "C"(3), a case that is pending before another Section of the court, Plaintiff sued the NOPD, Sergeant Stalbert, Officer G[l]uzman, Officer Swan, and others under §1983 for the alleged use of excessive force against him on August 25, 2013. (*See* rec. doc. 6 in 14-CV-1972).

The Fifth Circuit has held that repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(i) (formerly 28 U.S.C. §1915(d)) as being malicious.  *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S.Ct. 417 (1989); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

The instant proceeding, which was filed *in forma pauperis*, is repetitious litigation against the same parties and of the same cause of action presented in 14-CV-1972 and is thus subject to being dismissed as malicious under §1915(e)(2)(B)(i).  The privilege of proceeding *in forma pauperis* at government expense does not entitle Plaintiff to a second ". . . bite at the litigation apple . . ." with respect to the matters of which he complains herein.  *Pittman*, 980 F.2d at 995.  As Plaintiff's previous lawsuit is still pending, the dismissal in this case should be without prejudice to Plaintiff's prosecution of his claim in that other proceeding.  *Lewis v. Sec. of Public Safety and Corr.*, 508 Fed.Appx. 341, 344 (5th Cir. 2013).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 17th day of December, 2014.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE